# CHARLES T. BELBIN

## *vs.*

# THOMAS MULLAN.

*Condemnation proceedings: passage of title; injury by trespasses pending—; judgment against—; gives no equitable right to intercept award.*

A contractor, in operating a steam shovel, while grading a street, had injured the property of the plaintiff, before the title to the property passed under the condemnation proceedings, and a judgment was rendered against him in favor of the plaintiff; subsequently the award in the condemnation proceedings was accepted by the owner, the plaintiff in the damage suit, and a deed given by him for the property. The contractor, by proceedings in equity, attempted to intercept enough of the award to pay the amount of said judgment, on the theory that the amount of the damages to the property had been considered and allowed for in the award for damages in the condemnation case; *Held,* that the bill was demurrable.                p. 428

*Decided November 15th, 1917.*

Appeal from Circuit Court No. 2 of Baltimore City. (DUFFY, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, URNER and CONSTABLE, JJ.

*Clifton S. Brown* and *James Clarke Murphy*, for the appellants.

*Alfred J. O'Ferrall* (with whom were *James M. Mullen* and *Mason P. Morfit* on the brief), for the appellee.

URNER, J., delivered the opinion of the Court.

A building owned by the appellant was partly demolished by the operation of a steam shovel employed by the appellee as a sub-contractor in grading a section of Key Highway in the City of Baltimore. For this trespass the appellant brought an action at law against the appellee and obtained a verdict and judgment against him to the amount of $1,650. An appeal from that judgment resulted in its affirmance. 130 Md. 313. Prior to the trespass for which the judgment was recovered, condemnation proceedings had been instituted for the acquisition by the city of a portion of the appellant's building and lot, which were partly included within the lines of the highway then in course of construction. An award of $1,736.40 to the appellant for the property condemned was made by the Commissioners for Opening Streets. The owner appealed from the award to the Baltimore City Court, and the appeal was pending at the time of the trial of the action of trespass against the present appellee. After the verdict in his trespass suit was rendered the appellant dismissed his appeal from the award in the condemnation proceedings. About a year later, and after the affirmance by this Court of the judgment in the trespass case, the defendant in that action, who is appellee in this record, filed a bill in equity against the present appellant and the Mayor and City Council of Baltimore, alleging the facts we have just stated and averring further that the City has

accepted the award to the appellant reported by the Commissioners for Opening Streets, and has delivered to the appellant, for execution by him, a deed conveying the condemned portion of his property to the city, and that upon the execution of the deed, payment will be made of the amount awarded. It is charged in the bill that as regards the building of the appellant, which was injured by the appellee's trespass and partly included in the city's condemnation proceeding, the judgment in the trespass case and the condemnation award represent the same loss of value to the property owner, for which, it is claimed, he would thus secure double payment if the judgment is allowed to be enforced. In order to prevent that result the bill prays that execution on the judgment be restrained and that the amount awarded in the condemnation case be applied under the Court's direction to the end that the appellant "may have one full and complete satisfaction of his claim in the premises," and that the appellee "may have his rights to the disbursements of said fund protected by the proper marshalling of said assets."

A preliminary injunction against the appellant was granted in accordance with the prayer of the bill. The City of Baltimore, having been made a defendant in the case, was permitted to pay the amount of the award into Court in pursuance of its petition asking for such leave and stating that it has no interest in the subject-matter of the suit other than the payment of the fund to the proper person. The appellant demurred to the bill, and from an order overruling his demurrer he has taken this appeal.

The question to be decided is whether the appellee is entitled to be wholly or partially relieved of an adjudicated liability for his trespass against the appellant's property, because of its subsequent acquisition by the city under a proceeding which was pending when the tort was committed.

In the trial of the trespass case an effort was made to prove the pendency of the condemnation proceedings as a basis of defense to the suit, but the exclusion of such evi-

dence by the trial Court was held, on appeal, to have been proper. That decision was based upon the ground that the title to the property had not been acquired by the city, but was still in the plaintiff, at the time of the trespass. In the opinion, delivered by JUDGE THOMAS, it was said, in answer to the argument in support of the proposed defense: "But the principle upon which the appellant's contention rests, and must rest, is that the title to the plaintiff's property passed to the city, and whatever may be the rule elsewhere, it is clear that under the decisions in this State, condemnation proceedings can not operate to transfer the title until the amount awarded or assessed is paid or tendered, and that they afford no defense to an action to recover for injuries to the property." Among the prior Maryland cases cited in the opinion was the case of *B. & O. R. R. Co.* v. *Boyd,* 63 Md. 325. In that case the railroad company, with the consent of the City of Baltimore granted by ordinance, had built and used a line of tracks on land which the city was condemning for a street. The damages awarded for the property condemned had been set apart and invested for the use of the owners, as provided by statute, previous to the trial of their action against the railroad company for its alleged trespass in entering upon and using the land for its corporate purposes, but the investment had not been made when the cause of action accrued or when the suit was instituted. It was consequently held that the condemnation afforded no defense, and had "no effect whatever upon the right of the plaintiffs to recover for the trespasses complained of and committed down to the bringing of their action."

In view of the reason and principle, and the specific effect, of the rulings just cited, it is clear that the appellee's bill can not be maintained. The tort for which the appellee has been adjudged to be liable was committed against the appellant's rights and interests as the actual owner and possessor of the property affected. Upon no sound theory could it be held that the trespass was relieved of its wrongful and action-

able character by a subsequent transfer of the title, especially when such a change of ownership is shown to be occurring after the appellant's right of recovery, and the appellee's liability for the tort, have been judicially determined. No objection has been made by the city to the payment of an award intended to represent the value of the condemned property before it was injured by the trespass, and certainly the fact that such a payment may exceed the value of the property as diminished by the appellee's tortious act does not entitle him to intercept the fund and have it applied to the discharge of his direct liability for his own wrong. In accordance with this view the order overruling the demurrer to the bill of complaint will be reversed and the bill dismissed.

*Order reversed and bill dismissed, the appellee to pay the costs.*